**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOEL GRIMMETTE, | : | CIVIL ACTION NO. |
| GDC ID # 271847, Case # 185220, | : | 1:14-CV-02012-WSD-JCF |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| JASON MEDLIN, | : | HABEAS CORPUS |
| Wheeler Correctional Facility, | : | 28 U.S.C. § 2254 |
|    Respondent. | : | |

**MAGISTRATE JUDGE'S ORDER AND
<u>FINAL REPORT AND RECOMMENDATION</u>**

Petitioner, a Georgia prisoner, challenges via a 28 U.S.C. § 2254 habeas corpus petition his September 24, 1985 DeKalb County convictions upon the entry of his guilty plea to murder and related crimes. (Doc. 1). Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and **IT IS RECOMMENDED** that his habeas petition be **DISMISSED** as second or successive.

Once a federal district court has denied with prejudice a habeas corpus petition

challenging a state court conviction, the petitioner may not challenge that same conviction in a "second or successive" petition without first obtaining authorization from the appropriate United States Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner's current petition is second or successive. *See Grimmette v. Hall*, 1:98-cv-3657 (N.D. Ga. Feb. 23, 1999), Doc. 3 (recommending that Petitioner's federal habeas petition, filed without prior approval from the Eleventh Circuit, be dismissed as second or successive), Doc. 4 (order adopting same);[1] *Grimmette v. Newsome*, 1:90-cv-88 (N.D. Ga. Jan. 4, 1991), Doc. 7 (recommending that Petitioner's federal habeas petition be denied), Doc. 8 (order adopting same). Because there is no indication here that Petitioner has obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus petition, this Court lacks jurisdiction over the petition, which must be dismissed. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

A state prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial

---

[1] The style of this 1998 case reveals that the Petitioner there is the same as the Petitioner in this 2014 case, both having the same name and the same case number identifier.

2

of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because jurists of reason would not find it debatable that Petitioner's federal habeas petition is second or successive, a certificate of appealability is not warranted here.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Petitioner's habeas corpus petition (Doc. 1) as second or successive and **DENY** him a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and ORDERED** this 2nd day of July, 2014.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

3