IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOEL GRIMMETTE,

        Plaintiff,

v.                                        1:14-cv-2012-WSD

JASON MEDLIN,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R"), recommending that Plaintiff Joel Grimmette's ("Plaintiff") petition for habeas corpus be dismissed as a successive petition, and that Plaintiff be denied a certificate of appealability.

## I.   BACKGROUND

On June 6, 2014, Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges his September 24, 1985, conviction for murder in the State Court of DeKalb County, Georgia.  In 1991, Plaintiff challenged his murder conviction in a habeas petition, and the petition was denied by this Court.  In 1999, Plaintiff filed another habeas petition that was dismissed as a second or successive petition by this Court.  On July 2, 2014, the Magistrate

Judge found that Plaintiff's current petition was successive, and that Plaintiff did not first obtain authorization to file a petition from the United States Court of Appeals for the Eleventh Circuit.  The Magistrate Judge recommended that Plaintiff's petition be dismissed for lack of jurisdiction.  The Magistrate Judge also recommended that Plaintiff be denied a certificate of appealability because reasonable jurists would not find that the petition could be resolved in a different manner or that the issues presented were adequate to proceed further.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Analysis

Because Plaintiff has not objected to the Magistrate Judge's finding that his petition be dismissed for lack of jurisdiction, the Court reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.[1]  If a federal court has denied a habeas corpus petition, the petitioner may not challenge his conviction in a second or successive petition without first obtaining authorization from the Court of Appeals for the Eleventh Circuit.  See 28 U.S.C. § 2244(b)(30(A).  The Court finds no plain error in the Magistrate Judge's finding that this action is required to be dismissed because Plaintiff failed to obtain the Eleventh Circuit's permission to file this petition.  The Court also finds no plain

---

[1] On July 16, 2014, and August 22, 2014, Plaintiff filed his objections to the R&R. In these filings, Plaintiff alleges that his conviction should be set aside because of ineffective assistance of counsel.  Plaintiff also alleges that his defense counsel at trial operated under a conflict of interest that prejudiced Plaintiff's case.  Plaintiff, however, does not specifically object to the Magistrate Judge's finding that the petition is successive or that Plaintiff failed to obtain authorization from the Eleventh Circuit to file his petition.  Because Plaintiff did not raise specific objections to the R&R, the Court is not required to consider Plaintiff's objections. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").  Even if the Court considered Plaintiff's objections, they are required to be overruled because Plaintiff must first obtain authorization from the Eleventh Circuit to file a successive petition.

error in the Magistrate Judge's recommendation that a certificate of appealability be denied because there can be no reasonable dispute that Plaintiff's petition is second or successive.  See 28 U.S.C. § 2254(c)(2).

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final R&R is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's petition for habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** a certificate of appealability.

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE